UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 21-24081-CIV-MORENO

M&M SISTERS, LLC, BERTHA MENENDEZ
GARCIA, & MARIA MENDEZ,

       Plaintiffs,

vs.

SCOTTSDALE INSURANCE CO.,

       Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint with Prejudice **(D.E. 13)**, filed on **February 23, 2022**. The Court has considered the motion, the opposition, the reply pertinent portions of the record, and being otherwise fully advised in the premises, it is **ADJUDGED** that the motion is **GRANTED**.

**I.**     **Background**

M&M Sisters, LLC is suing Scottsdale Insurance Company for breach of contract. In its third amended complaint, M&M alleges that the insured property "suffered a sudden, accidental, and/or otherwise covered loss." Specifically, the property "suffered extensive roof damage" resulting in "water damage to the interior." After Scottsdale denied coverage, M&M brought this suit. This case's relatively long procedural history is not worth reciting. Though it is worth noting that M&M has enjoyed several attempts at adequately stating a claim both before and after the case was removed to this Court.

## II. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient factual matter that, taken as true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations in the complaint are accepted as true and construed in a light most favorable to the plaintiff; conclusory assertions and unwarranted deductions of fact are not. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III. Discussion

In general, M&M argues that since this is an "all-risk" policy, it only needs to plead that it suffered a loss during the coverage period to state a claim. Because M&M has alleged that the insured property suffered "roof damage" resulting in "water damage" during the covered period, it says that the burden is now on Scottsdale to prove that an exclusion applies.

Scottsdale takes a different view. It argues that M&M has failed to cure the defects highlighted by this court in its first order dismissing the amended complaint. In particular, Scottsdale highlights the lack of factual matter concerning the alleged damage to the property. Scottsdale says that M&M cannot plead breach of contract because it is impossible to know, without any facts about the damage, whether the damage is within the terms of the contract.

M&M's argument has some intuitive pull. It makes sense that it would only need to allege damage to their property when the underlying insurance contract covers "all risks." And at first glance, this understanding appears consistent with Florida precedent: "the insured seeking to recover under an 'all risks' policy has the burden of proving that the insured property was lost or damaged and possibly that the loss was fortuitous, the rule is that once the insured establishes a loss apparently within the terms of the policy, the burden is upon the insurer to prove that the

2

loss arose from a cause which is excepted." *Phoenix Ins. Co. v. Branch*, 234 So. 2d 396, 398 (Fla. Dist. Ct. App. 1970) (citing *Jewelers Mut. Ins. Co. v. Balogh*, 272 F.2d 889, 892 (5th Cir. 1959)). But a close reading of these precedents shows that the insured must still establish a "fortuitous" loss "apparently within the terms of the policy." Indeed, the Florida Supreme Court has since clarified that an "all-risk" policy is not an "all loss" policy, "and thus does not extend coverage for every conceivable loss." *Fayad v. Clarendon Nat. Ins. Co.*, 899 So. 2d 1082, 1086 (Fla. 2005).

For this reason, Florida precedents require a plaintiff seeking to recover under an all-risk policy to show (1) a fortuitous loss that (2) occurred during the policy period. *Great Lakes Reinsurance (UK) PLC v. Kan-Do, Inc.*, 639 F. App'x 599, 601 (11th Cir. 2016). A fortuitous loss is one that "so far as the parties are aware, is dependent on chance," which excludes intentional losses or normal wear and tear. *Id.* (citations omitted).

Although plaintiffs bear a light burden in showing a fortuitous loss, M&M here has failed to shoulder it. With respect to the actual damage and event that caused it, the third amended complaint says only that "the insured risk suffered a sudden, accidental and/or otherwise covered loss . . . under the policy" and that the "insured risk suffered extensive roof damage which resulted in ensuing water damage." Based on these sparse allegations, it is impossible to know one way or another whether the damage causing event was plausibly fortuitous. The Court highlighted this deficiency in its first order dismissing the complaint; M&M made no apparent effort to cure it.

### IV. Conclusion

The third amended complaint is dismissed with prejudice.

DONE AND ORDERED in Chambers at Miami, Florida, this 28th of March 2022.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record